ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| **JOSÉ TOMÁS ROMÁN BARCELÓ, MYRIAM MALAVÉ ROMÁN**<br><br>Recurrido<br><br>v.<br><br>**CARMEN INÉS SÁNCHEZ ORTIZ, YANIRA INÉS RAMÍREZ SÁNCHEZ, TOMÁS DOE y otros**<br><br>Peticionario | KLCE202401237 | ***CERTIORARI*** procedente del Tribunal de Primera Instancia, Sala Superior de **Mayagüez**<br><br>Civil Núm.: **SS2023CV00716**<br><br>Sobre: Caída |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y la Juez Barresi Ramos.

Cintrón Cintrón, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 26 de febrero de 2025.

Comparecen ante este Tribunal de Apelaciones, las señoras Carmen Inés Sánchez Ortiz, Yanira Inés Ramírez Sánchez y Karina Inés Ramírez Sánchez (Sucesión Ramírez Peña o peticionarias), y nos solicitan que revoquemos un dictamen intitulado *Sentencia Parcial,* emitido y notificado el 11 de octubre de 2024, por el Tribunal de Primera Instancia, Sala Superior de Mayagüez (TPI).[1] Mediante la decisión recurrida, el TPI declaró Ha Lugar la *Moción de Desestimación* presentada por el señor Michael Pérez Peña (señor Pérez Peña), y por consiguiente, desestimó la *Demanda Contra Tercero* instada en su contra, por no contener hechos suficientes que justificaran la concesión de un remedio.

Por los fundamentos que expondremos a continuación, se deniega la expedición del auto de *certiorari.*

---

[1] Aunque el pronunciamiento recurrido se intitula *Sentencia Parcial*, este constituye un dictamen interlocutorio, toda vez que el tribunal no concluyó expresamente que no existía razón para posponer dictar sentencia sobre la reclamación concernida hasta la resolución total del pleito, según establece la Regla 42.3 de Procedimiento Civil de Puerto Rico, 32 LPRA Ap. V, R. 42.3.

**I.**

Según surge del expediente, el 22 de septiembre de 2023, el señor José Tomás Román Barceló (señor Román Barceló) presentó una *Demanda* sobre daños y perjuicios contra la Sucesión Ramírez Peña, por hechos ocurridos el 25 de septiembre de 2022. En la demanda, se alegó que el día de los hechos, el señor Román Barceló se estacionó en un centro comercial propiedad de las peticionarias, ubicado en el pueblo de San Sebastián. Adujo que mientras caminaba por el pasillo en dirección al establecimiento conocido como "La Licorería", pisó la loseta y "se fue" de frente, cayendo "aparatosamente". Como consecuencia de lo anterior, les imputó negligencia a las peticionarias. Indicó que el área común donde cayó carecía de un letrero que informara que éste estaba mojado y que resbalaba. Asimismo, especificó que el área de la loseta no tenía ningún tipo de cinta y/o aditamento para que las personas no resbalaran, y que la referida loseta era inapropiada para un área común.

En respuesta, el 28 de noviembre de 2023, las señoras Carmen Inés Sánchez Ortiz y Karina Inés Ramírez Sánchez presentaron su *Contestación a Demanda*. En síntesis, negaron la mayoría de las alegaciones contenidas en la demanda y sostuvieron que los daños alegados fueron producto de la exclusiva culpa o negligencia del señor Román Barceló. Además, que no respondían por los daños sufridos por el señor Román Barceló porque la causa próxima y eficiente de estos fue la actuación culposa o negligente de un tercero.

Por su parte, el 11 de julio de 2024, la señora Yanira Inés Ramírez Sánchez presentó su *Contestación a Demanda*. Arguyó que el señor Román Barceló no cumplió con su deber de mitigar los daños que alegó haber sufrido. En la alternativa, señaló que, de haber actuado con alguna negligencia, no vendría obligada a

indemnizar por los daños alegados, toda vez que fue tan grande el grado de culpa o negligencia con el que actuó el señor Román Barceló, que tuvo la consecuencia de absorber algún tipo de responsabilidad de su parte, por la evidente desproporción entre culpas o negligencias.

El mismo día, las peticionarias presentaron una *Demanda Contra Terceros*, en la cual expusieron que Zierra Investment, Inc., el señor Michael Pérez Peña y Carsi Partners LLC, eran los arrendatarios de los locales en la propiedad, que quedaban frente al área donde ocurrieron los hechos alegados en la demanda. Manifestaron que, como parte de los acuerdos en el contrato de arrendamiento, estos se obligaron a mantener los alrededores de sus establecimientos limpios y en orden, lo cual incluía la parte ubicada frente a sus locales, en el pasillo al que hace referencia el señor Román Barceló. Razonaron que, en la alternativa, los terceros demandados venían obligados a indemnizarlas por cualquier suma de dinero que fuera pagada al señor Román Barceló. Por lo anterior, solicitaron que se condenara a los terceros demandados a indemnizar directamente al señor Román Barceló por los daños y perjuicios alegados en la demanda.

A tales efectos, 3 de septiembre de 2024, el señor Pérez Peña presentó una *Moción de Desestimación de Demanda Contra Tercero al amparo de la Regla 10.2 de Procedimiento Civil de Puerto Rico*. Adujo que era el dueño de la barbería ubicado en el local #2 del bien inmueble concernido, y que, el día del accidente, la barbería estaba cerrada. Destacó que las cláusulas del contrato a las cuales hacían referencia las peticionarias no le concedían el arrendamiento de ningún área común y tampoco contenían disposición alguna para imponerle responsabilidad por los hechos ocurridos. Por lo tanto, aseguró que el área de la alegada caída no estaba bajo su posesión y/o control. En consecuencia, solicitó que se desestimara la

demanda contra terceros dirigida hacia su persona, al amparo de la Regla 10.2 de Procedimiento Civil, por esta no contener una reclamación que justificara la concesión de un remedio. El 2 de octubre de 2024, las peticionarias presentaron una *Oposición a Moción de Desestimación de Demanda contra Terceros*. Mediante esta, reiteraron su posición sobre la responsabilidad del señor Pérez Peña por la caída del señor Román Barceló, basándose en las cláusulas del contrato de arrendamiento referentes a las responsabilidades como arrendatario.[2]

Así las cosas, y luego de evaluadas las comparecencias de las partes, el TPI emitió la *Sentencia Parcial* aquí recurrida. En específico, el foro primario concluyó lo siguiente:

> De un análisis minucioso del contrato de arrendamiento, no se desprende que el Sr. Pérez Peña haya arrendado dicho local e incluyera áreas comunes tales como pasillos o áreas adicionales. La parte arrendataria venía obligada únicamente a mantener en buenas condiciones la propiedad alquilada cuidándola como un padre de familia, mantener buen funcionamiento las instalaciones, sanitarias, eléctricas, incluyendo lámparas, baños, ventanas, puertas de madera, puertas de cristal, tubería y los aparatos de plomería y a no depositar papeles o toallas sanitarias en el inodoro. Además, se comprometió dejar el local y sus alrededores completamente limpios y en orden.
>
> [...]
>
> Concluimos que, lejos de establecer hechos que establezcan una reclamación meritoria, la presente demanda contra tercero se trata de meras alegaciones generales y conclusorias que son insuficientes para cumplir con el estándar requerido. Los hechos alegados se reducen a conclusiones basadas en especulaciones y percepciones, por lo cual es imposible concluir que existe más que una mera posibilidad de conceder un remedio. Esta reclamación no es convincente de su faz y no podemos razonablemente inferir, del contenido de las alegaciones y del contrato de arrendamiento, que el tercero demandado es responsable de la conducta que se le imputa a los codemandados-tercero demandantes en la demanda.

---

[2] Subsiguientemente, las partes presentaron múltiples réplicas y dúplicas adicionales. Véase, Apéndice del recurso, págs. 42-57.

Basado en lo anterior, determinó que procedía la desestimación de la demanda contra tercero, por esta no contener hechos suficientes que justificaran la concesión de un remedio. Por lo tanto, declaró Ha Lugar la *Moción de Desestimación de Demanda Contra Terceros al amparo de la Regla 10.2 de Procedimiento Civil de Puerto Rico* presentada por el señor Pérez Peña y desestimó la demanda contra tercero en su contra.

Inconforme con la determinación del foro primario, las peticionarias acuden ante nos, y le imputan al TPI la comisión del siguiente error:

> Erró el Honorable Tribunal de Primera Instancia al desestimar la demanda contra terceros bajo el fundamento de que la misma no expone una reclamación que justifique la concesión de un remedio.

El 20 de noviembre de 2024, emitimos una *Resolución* a los efectos de concederle un término a la parte recurrida para fijar su posición. Ese mismo día, el señor Pérez Peña compareció mediante *Memorando en Oposición a la Expedición del Auto de "Certiorari Civil" al amparo de la Regla 37 (A) del Reglamento del Tribunal de Apelaciones*. Asimismo, el 4 de diciembre de 2024, presentó una *Oposición a Petición de Certiorari*.

Procedemos a resolver.

**II.**

El recurso de *certiorari* es el mecanismo procesal idóneo para que un tribunal de superior jerarquía pueda enmendar los errores que cometa el foro primario, sean procesales o sustantivos *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 81(2023); *León v. Rest. El Tropical*, 154 DPR 249 (2001). La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone taxativamente los asuntos que podemos atender mediante el referido recurso. *Caribbean Orthopedics v. Medshape, et*

*al.,* 207 DPR 994 (2021); *Scotiabank v. ZAF Corp. et al.,* 202 DPR 478 (2019).[3]

Sin embargo, distinto al recurso de apelación, la expedición del auto de *certiorari* está sujeta a la discreción del foro revisor. La discreción consiste en una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión ecuánime. Ahora bien, no significa poder actuar en una forma u otra, haciendo abstracción del resto del derecho, porque, ciertamente, eso constituiría un abuso de discreción. *García v. Padró,* 165 DPR 324, 334-335 (2005).

Así, para que este Foro pueda ejercer con mesura la facultad discrecional de entender, o no, en los méritos, una petición de *certiorari,* la Regla 40 del Reglamento del Tribunal de Apelaciones enumera los criterios que viabilizan dicho ejercicio. En particular, la referida Regla dispone lo siguiente:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del

---

[3] El recurso de *certiorari,* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Regla 52.1 de Procedimiento Civil, *supra.*

pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

Los criterios antes transcritos nos sirven de guía para poder, de manera sabia y prudente, tomar la determinación de si procede o no intervenir en el caso en la etapa del procedimiento en que se encuentra. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). De no encontrarse presente alguno de los criterios anteriormente enumerados en un caso ante nuestra consideración, no procede nuestra intervención.

Además, es importante enfatizar que todas las decisiones y actuaciones judiciales se presumen correctas y le compete a la parte que las impugne probar lo contrario. *Vargas v. González*, 149 DPR 859, 866 (1999).

**III.**

En su recurso, las peticionarias alegan que el TPI erró al concluir que la *Demanda contra Terceros* no expone una reclamación que justifique la concesión de un remedio y al expresar que ésta era parte de un conjunto de conjeturas y percepciones que no establecen la responsabilidad del señor Pérez Peña sobre los hechos contenidos en la demanda. Especifican que la *Demanda contra Terceros* contiene alegaciones suficientes para imputar responsabilidad al señor Pérez Peña, como, por ejemplo: (1) que el área donde el señor Román Barceló alega haberse caído estaba mojada; (2) que la losa no tenía cinta antirresbaladiza; y (3) que era inapropiada para el área. Discuten que el señor Pérez Peña firmó voluntariamente un contrato de arrendamiento, el cual contenía cláusulas que imponían la responsabilidad de darle mantenimiento al local arrendado, así como mantener los alrededores limpios y en orden.

Por su parte, el señor Pérez Peña concuerda en que la negligencia que se imputa en la demanda es la mencionada anteriormente. No obstante, sostiene que las peticionarias decidieron limitar su argumentación exclusivamente a la falta de un letrero advirtiendo que el área estaba mojado y que era resbaladizo, lo que, a su consideración, constituye un reconocimiento tácito de que no presentaron un reclamo en su contra con relación a las demás alegaciones expuestas en la demanda. Enfatiza que firmó un contrato de arrendamiento con las peticionarias para un local comercial y que el pasillo exterior no forma parte del área arrendado, hecho que no fue rebatido por las peticionarias.

Luego de estudiar de manera sosegada el expediente en autos y la *Sentencia Parcial* recurrida, determinamos no intervenir con la actuación del foro primario. En esta ocasión, el TPI, en el ejercicio de la discreción que ostenta en el manejo de los casos y luego de evaluar la prueba presentada, declaró *Ha Lugar* la *Moción de Desestimación de Demanda Contra Terceros al amparo de la Regla 10.2 de Procedimiento Civil de Puerto Rico* presentada por el señor Pérez Peña y desestimó la *Demanda contra Terceros* en su contra. Las peticionarias incumplieron con su deber de rebatir las determinaciones del TPI. Específicamente, el hecho de que el local arrendado por el señor Pérez Peña no incluyó áreas comunes sobre las cuales tuviera obligación o responsabilidad alguna por accidentes como el ocurrido con el señor Román Barceló. Más aún, el accidente que motivó la presentación de la demanda acaeció un día en el cual el negocio del señor Pérez Peña estaba cerrado. Por ende, resulta forzoso concluir, como bien lo hizo el foro de instancia, las alegaciones incluidas en la demanda contra tercero no son suficientes para cumplir con el estándar requerido.

En suma, nada en el expediente nos mueve a concluir que existe un criterio legal que nos permita intervenir con lo resuelto por

el foro *a quo*. El dictamen recurrido no es contrario a derecho, ni hubo un abuso de su discreción, al resolver de tal manera. Por lo cual, no nos encontramos en posición de intervenir con el criterio del foro primario para variar su determinación y tampoco nos movemos a inmiscuirnos en esta etapa de los procedimientos. En consecuencia, denegamos el auto de *certiorari* solicitado por los peticionarios.

**IV.**

Por los fundamentos antes expuestos, se deniega el auto de *certiorari* solicitado.

Lo acordó el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones